UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CECIL BRINKER, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:24-cv-704-MTS ) |
| THE KRAFT HEINZ FOODS CO., *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant The Kraft Heinz Foods Company's ("Kraft") Motion to Transfer Venue to the Northern District of Illinois, Doc. [10]. Plaintiff Cecil Brinker initially filed his Complaint, on behalf of himself and other similarly situated individuals, in the 22nd Judicial Circuit, in the Circuit Court of the City of St. Louis. Kraft then removed the action to this Court pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act. Doc. [1]. Now, Kraft seeks to transfer the action to the Northern District of Illinois. Plaintiff does not oppose the transfer. For the reasons that follow, the Court will grant Defendant's Motion.

**I.     Background**

Plaintiff Cecil Brinker purchased several Kraft products at a Walmart Supercenter in Maplewood, Missouri under the belief the products contained "No Artificial Preservatives." Doc. [5] ¶¶ 80-82. Plaintiff filed this class action in April 2024 alleging that Kraft's products[1] contain false, misleading, and deceptive statements because the products allegedly contain citric acid, a

---

[1] The products in question include: "all microwavable and non-microwavable Kraft Mac & Cheese products labeled as containing 'No Artificial Flavors, Preservatives, or Dyes' that include citric acid as an ingredient." Doc. [5] at 1 n1. Specifically, the named products include microwavable Kraft Mac & Cheese Original Flavor and spirals, as well as non-microwavable products claiming to contain "No preservatives" including Kraft Mac & Cheese Original Flavor, Thick 'n Creamy, and Three Cheese. *Id.*

"well-known preservative." *Id.*  As such, Plaintiff is alleging violations of the Missouri Merchandising Practices Act ("MMPA"), pursuant to Mo. Rev. Stat. § 407.010, *et seq.*, as well as state law claims for breach of warranty, breach of implied contract, and unjust enrichment.

Prior to commencement of this action, in November 2023, a separate action was filed in the Northern District of Illinois.  *See Hayes v. Kraft Heinz Co.*, 1:23-cv-16596, ECF. No. 1-1 (N.D. Ill. Nov. 23, 2023).  There, the plaintiff is alleging claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, pursuant to 815 ILCS 505/1, *et seq.*, as well as claims for common law fraud and unjust enrichment against The Kraft Heinz Company and Kraft Heinz Ingredients Corp.  *Id.*  It is the plaintiff's contention, similar to Brinker here, that the Kraft Heinz Company products are mislabeled as containing "No Artificial Preservatives" when they allegedly contain sodium phosphate and sodium triphosphate.  *See id.* ¶ 7.  In light of such filing, Defendant Kraft now seeks to transfer the case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), or alternatively under the "first-to-file" rule.

**II.   Discussion**

1. <u>Kraft has failed to establish this action could have initially been brought in the Northern District of Illinois.</u>

Section 1404(a) provides that, for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).  However, the "grant or denial of a change of venue is in the discretion of the trial court."  *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985).  The first step in the Court's § 1404(a) analysis is to determine whether the action "might have been brought" in the Northern District of Illinois.  The venue statute states that a civil action may be brought in federal court in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b).

Here, Plaintiff purchased the alleged deceptive products at a Walmart Supercenter in Missouri, and Plaintiff resides in Missouri.  Doc. [5] ¶¶ 14, 80-81.  Therefore, it cannot be said that the Northern District of Illinois is the judicial district in which a substantial part of the events giving rise to the claim occurred.  Additionally, Defendant has failed to establish venue is proper in the Northern District of Illinois as its place of residence.  Plaintiff's Complaint states that Kraft is a "Delaware corporation" with its principal place of business in "Pittsburgh, Pennsylvania."  *Id.* ¶ 11.  As such, Kraft has failed to allege the civil action could have been brought in the Northern District of Illinois, as required to satisfy § 1404(a).  *See Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014) ("A case may be transferred under § 1404(a) only when venue is proper in the transferor *and* transferee forums.").

  2. Transfer is warranted under the first-filed rule.

Notwithstanding, Kraft also alleges that the case can be transferred pursuant to the "first-to-file" rule.[2]  "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."  *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).  The rule "is not intended to be rigid, mechanical, or inflexible, . . . but is to be applied in a manner best serving the interests of justice."

---

[2] Plaintiff refers to this rule as the "first-to-file" rule. However, other courts have referred to this as the "first-filed" rule.  *See Arnold v. DirecTV, Inc.*, 4:10-cv-352-AGF, 2011 WL 839636, at *4 (E.D. Mo. Mar. 7, 2011); *HRB Tax Grp., Inc. v. Nat'l Union Fire Ins. Co.*, 4:12-cv-501-BCW, 2012 WL 4363723, at *2 (W.D. Mo. Sept. 21, 2012); *Evans v. J.P. Morgan Chase Bank, N.A.*, 4:13-cv-686-BP, 2014 WL 12600285, at *1 (W.D. Mo. Feb. 12, 2014). Although the two phrases are seemingly used interchangeably, for ease of reference, the Court will utilize the latter reference.

*Id.* at 1005.  Regardless, district courts enjoy wide discretion in applying the first-filed rule.  *Id.* at 1004.

The U.S. Court of Appeals for the Eighth Circuit has stated that the first-filed rule only applies "when *parallel* litigation has been instituted in separate courts."  *LDM Grp., LLC v. Catalina Mktg. Corp.*, 4:08-cv-1425-ERW, 2009 WL 1797873, at *2 (E.D. Mo. June 24, 2009) (quoting *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d at 1006).  "While the Eighth Circuit has not defined 'parallel litigation,' courts generally find cases to be parallel when their issues and parties are substantially similar."  *See HRB Tax Grp., Inc. v. Nat'l Union Fire Ins. Co.*, 4:12-cv-501-BCW, 2012 WL 4363723, at * 2 (W.D. Mo. Sept. 21, 2012).  In general, courts look at three factors when deciding to apply the first-filed rule: (1) timing of events; (2) the similarity of the parties involved; and (3) the similarity of the claim or issues at stake.  *See Early v. Henry Thayer Co., Inc.*, 4:20-cv-1678-RLW, 2021 WL 3089025, at *4 (July 22, 2021).  Here, the timing is easily met.  The *Hayes* action was filed in November 2023, and removed to federal court in December of the same year; here, the case was filed in April 2024 and removed in May 2024.  *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (explaining "the first court in which jurisdiction attaches has priority to consider the case").

There is also sufficient similarity between the parties and claims to warrant transfer.  In *Hayes*, the two named defendants are The Kraft Heinz Company and Kraft Heinz Ingredients Corp.  *See Hayes*, 1:23-cv-16596, ECF No. 1-1.  Here, Plaintiff has named The Kraft Heinz Foods Company and Does 1-10 as Defendants.  Doc. [5].  Because The Kraft Heinz Foods Company is a wholly owned subsidiary of The Kraft Heinz Company, *see* Doc. [2], the parties may be considered substantially similar.  *Cf. Adams v. PSP Grp., LLC*, 691 F. Supp. 3d 1031, 1038 (E.D. Mo. 2023) (explaining that where the defendant failed to argue one defendant "is related to" a

defendant in parallel litigation, and the two defendants are "separate companies" and "there is no commonality in ownership or otherwise," the first-filed rule "does not apply").  The *Hayes* action also seeks to certify a nationwide class, in addition to an Illinois sub-class, involving whether the defendants disseminated false and deceptive information that their products were without artificial preservatives.  *Hayes*, 1:23-cv-16596, ECF No. 1-1 at 7.  Although not identical, the parties are substantially similar.  *See HRB Tax Grp., Inc.*, 2012 WL 4363723, at *2, 4 (explaining that although the "parties" in separate actions are "nearly, but not quite identical," where the two are corporate affiliates, "the first-filed rule is applicable"); *see also Evans v. J.P. Morgan Chase Bank, N.A.*, 4:13-cv-686-BP, 2014 WL 12600285, at *1 (W.D. Mo. Feb. 12, 2014) (explaining that although the plaintiffs are not identical, a putative class action could "subsume" other plaintiffs and their claims).

      As to the remaining element, the similarity of the claims, each action involves an allegation that Kraft products were deceptive and misleading when claiming to be made with "No Artificial Preservatives."  In *Hayes*, the plaintiff is alleging that the product contains sodium phosphate and sodium triphosphate, while here, Plaintiff alleges the products contain citric acid.  Both cases involve Kraft Mac & Cheese Original Flavor and spirals.[3]  Doc. [5] at 1 n.1; *Hayes*, 1:23-cv-16596, ECF No. [1-1] ¶ 7.  Additionally, both allege violations of the consumer protection laws of the filing state: the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, and the MMPA, in addition to state law claims for unjust enrichment.  Although there are additional claims in each case that are not identical, there is substantial overlap between the issues involved in both cases.  *See HRB Tax Grp., Inc.*, 2012 WL 4363723, at *2 (finding "substantial

---

[3] Plaintiff's Complaint, although not individually listed, incorporates "all microwavable and non-microwavable Kraft Mac & Cheese products" which "include citric acid as an ingredient."  Doc. [5] at 1 n.1.  This may include other products referenced in *Hayes*.

overlap of issues" where "additional claims" are pled because "either court will be required to look at the same documents and circumstances and refer to and apply the same legal principles"). And this Court has no reason to doubt the capabilities of the Northern District applying Missouri law. *See Monsanto Tech., LLC v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1104 (E.D. Mo. 2002) (determining that "significant judicial resources would be wasted" litigating in two separate forums and that there "is no reason to question the [transferee court's] ability to apply Missouri law").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Kraft Heinz Foods Company's Motion to Transfer, Doc. [10], is **GRANTED.**

Dated this 1st day of August 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE